# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ALA WADI,**

    **Plaintiff,**

**v.**                                 **CASE NO.:**

**TAMPA ELECTRIC COMPANY,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ala Wadi, by and through undersigned counsel, brings this action against Defendant, Tampa Electric Company, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

**PARTIES**

4. Plaintiff is a resident of Hernando County, Florida.

5. Defendant operates an electric utility in Tampa, in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other

employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

13. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

14. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

**FACTS**

15. Plaintiff is a Middle Eastern male who was born in Saudi Arabia.

16. Plaintiff began working for Defendant as a Senior Transmission Engineer in February 2021, and he worked in this capacity until July 1, 2021.

17. Plaintiff's place of birth was contained on his I-9 Form.

18. Instead of a Human Resources personnel handling Plaintiff's onboarding, Plaintiff's supervisor, Kristy Baksh, ("Baksh"), handled it and learned Plaintiff's place of birth from his I-9 Form.

19. On or about February 25, 2021, Plaintiff learned that Baksh disclosed his place of birth, Saudi Arabia, to co-workers.

20. On or about March 1, 2021, Plaintiff complained to Baksh about the disclosure of his place of birth.

21. The supervisor's only response to Plaintiff's complaint, was to ask, "is there anything else?"

22. After Plaintiff's complaint, Baksh and Plaintiff's co-workers stopped cooperating and providing Plaintiff with information or training.

23. For instance, Plaintiff was excluded from meetings that he should have been a part of.

24. Baksh also began giving verbal and written negative warnings to Plaintiff after his complaint.

25. Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

26. On or about May 6, 2021, Plaintiff complained to Defendant's Human Resources about the discrimination that he was suffering at work.

27. Defendant claimed it would conduct an investigation, however, upon information and belief, no investigation was conducted.

28. Instead, the discrimination continued and Baksh continued to threaten Plaintiff with termination.

29. Every time Baksh threatened him with termination, Plaintiff would complain to Defendant's Human Resources but would only be told that they were "still investigating."

30. After Plaintiff complained to Defendant about the discrimination that he was suffering at work, Defendant took no remedial action.

31. In June of 2021, another employee, Leandro Carvajel, ("Carvajel") who was not of Middle-Eastern descent and was not born in Saudi Arabia, transferred in to the department.

32. Defendant and Baksh treated Carvajel differently than they treated Plaintiff and offered training and mentoring for Carvajel.

33. On or about July 1, 2021, Defendant terminated Plaintiff's employment solely because of Plaintiff's race and ancestry.

34. After Plaintiff complained about Defendant's discrimination and disparate treatment, Defendant retaliated against Plaintiff by terminating his employment.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE AND ANCESTRY DISCRIMINATION)

35. Plaintiff realleges and readopts the allegations of Paragraphs 1-12 and 15-34 of this Complaint, as though fully set forth herein.

36. Plaintiff is a member of a protected class of persons under Section 1981.

37. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race and ancestry.

38. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

39. Defendant's actions were willful and done with malice.

40. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

41. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT II — 42 U.S.C. § 1981 VIOLATION (RETALIATION)**

42. Plaintiff realleges and readopts the allegations of Paragraphs 1-12 and 15-34 of this Complaint, as though fully set forth herein.

43. Plaintiff is a member of a protected class of persons under Section 1981.

44. By filing a complaint with the United States Equal Employment Opportunity Commission, Plaintiff engaged in protected activity under Section 1981.

45. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating his employment.

46. Defendant's actions were willful and done with malice.

47. Defendant's retaliation was based solely on Plaintiff's exercise

of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

48. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

49. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

    (d)    Compensatory damages, including emotional distress, allowable at law;

    (e)    Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
### (DISCRIMINATION)

50. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-34 of this Complaint, as though fully set forth herein.

51. Plaintiff is a member of a protected class under Title VII.

52. Plaintiff was subjected to disparate treatment on the basis of his national origin, including excluded from necessary meetings and trainings, and ultimately being terminated.

53. Defendant's actions were willful and done with malice.

54. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **COUNT IV – TITLE VII RETALIATION**

55. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-34 of this Complaint, as though fully set forth herein.

56. Plaintiff is a member of a protected class under Title VII.

57. Plaintiff exercised or attempted to exercise his rights under Title VII by reporting the racial harassment to his supervisor and then reporting the harassment to Defendant's Human Resources, thereby engaging in protected activity under Title VII.

58. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

59. Defendant's actions were willful and done with malice.

60. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

61. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

    d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (DISCRIMINATION)

62. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-34 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. Plaintiff was subjected to disparate treatment on the basis of his national origin, including excluded from necessary meetings and trainings, and ultimately being terminated.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- k) A jury trial on all issues so triable;
- l) That process issue and that this Court take jurisdiction over the case;
- m) An injunction restraining continued violation of Title VII by Defendant;
- n) Compensation for lost wages, benefits, and other remuneration;
- o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;
- p) Any other compensatory damages, including emotional distress, allowable at law;
- q) Punitive damages;
- r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

t) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

67. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-34 of this Complaint, as though fully set forth herein.

68. Plaintiff is a member of a protected class under the FCRA.

69. Plaintiff exercised or attempted to exercise his rights under FCRA by reporting the racial harassment to his supervisor, thereby engaging in protected activity under FCRA.

70. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment.

71. Defendant's actions were willful and done with malice.

72. Defendant took material adverse action against Plaintiff.

73. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of December, 2021.

Respectfully submitted,

/s/ *Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**